## Reuben Wheeler and others v. William Harrison.

*Costs: Mutual dealings: Rendering an account: Payment: Set-off.* Where parties have dealt together on an understanding that the articles furnished on either side should be applied on the other in part payment, and that when the accounts were closed the balance should be paid in cash, and one sues the other on the account, and it appears that the defendant never rendered any account of items or prices until after suit brought, the court was justified in treating the case as one of set-off instead of payment, in determining the question of costs where the plaintiff's original claim exceeded $200, and his judgment was less than $100.

*Submitted on briefs October 23.     Decided October 28.*

Case made from Kent Circuit.

*Joslin & Kennedy,* for plaintiffs.

*Taggart & Allen,* for defendant.

CAMPBELL, J.

In this case the plaintiffs recovered judgment in assumpsit in the circuit court for Kent county, in an original action, for less than one hundred dollars, and costs were awarded them; and this is alleged as error.

Costs were allowed on the ground that the plaintiffs' claim exceeded two hundred dollars, and was reduced by set-off. Defendant insists that the reductions were payments and not set-offs.

It appears that each dealt with the other on an understanding that the articles furnished on either side should be applied on the other in part payment, and that when the accounts were closed the balance should be paid in cash.

The suit was brought in 1872. The last items of account were in February, 1871. It appeared, however, that the accounts remained open and unsettled, and that defendant, who was found in arrears, never rendered any account of items or prices until after suit brought.

Whatever may have been the case if defendant had furnished plaintiffs with his account, the plaintiffs cannot be held in fault for not applying payments before their amount was furnished, and, inasmuch as defendant was in fault for not paying or tendering the balance which was due, we think the court was justified in treating the case as one of set-off. It does not appear that this question was raised on the trial, and there was a notice of set-off filed with the plea. It is presumable from the whole record that the question was regarded on the trial as one of set-off, as there is nothing to indicate the contrary, and the circuit judge has so taken it.

28 MICH.—34.

Without deciding whether the facts might have been treated as involving payment instead of set-off, if defendant had rendered his account, we find no error in the case as presented on the record.

The judgment is affirmed, with costs.

The other Justices concurred.