## MARY A. CONNELLY vs. THE MASONIC MUTUAL BENEFIT ASSOCIATION.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and FENN, Js.

The decisions of a voluntary association in admitting members and disciplining, suspending or expelling them, are of a *quasi* judicial character. The courts never interfere with them except to ascertain whether the proceeding was pursuant to the rules of the association, was in good faith, and was not in violation of the laws of the land.

*C* was a member of a masonic mutual benefit association, and the plaintiff, as the beneficiary named in his application for membership, became entitled to $2,000 from the association at his death, if at that time he continued a member. It was a condition of membership in the association that the applicant should be, and continue to be, a member in good standing of some masonic lodge. *C* was at the time a member of a local lodge, but liable to lose his membership by non-payment of dues, any vote of the lodge suspending him for that cause being liable,

under the rules of the Grand Lodge, to which the local lodge was subject, to reversal by the district deputy grand master, with a right of appeal to the grand master of the state. *C* was thus suspended by the lodge and died without having been restored. After his death the plaintiff, on application to the deputy grand master, got the order of the lodge reversed and an order made that his name be restored to the rolls of the lodge as of the date of his suspension. This order was afterwards affirmed by the grand master. These officers acted in good faith and according to masonic rules. The lodge, on receiving their order in the matter, voted to restore *C's* name to its rolls as of the date of his suspension. Held—

1. That the matter was one that lay within the jurisdiction of the masonic officers and that the decision of the grand master was final.
2. That it made no difference that the reversal of the order suspending *C* from membership was not made till after his death. The effect of the reversal was to place him where he stood in membership at the time of his suspension.

The rules of the Grand Lodge required certain notice to be given to the member by the local lodge, upon proceedings taken against him for non-payment of dues. The deputy grand master found that this requirement had not been complied with. In a suit against the Masonic Benefit Association it was held that this finding was final and that evidence could not be received to show that such notice had been given.

The association had been accustomed in all cases to refer the question whether its members continued to be masons in good standing to the masonic officers. Held that, in the absence of any other provision for determining that question, the association would be regarded as having made its contract with *C* in view of that usage, and that the contract was to be construed as though it provided in terms that the question should be so determined.

[Argued March 13th—decided April 22d, 1890.]

ACTION to recover a sum of money claimed to be due to the plaintiff as the beneficiary of a deceased member of the defendant association, under his contract of membership; brought to the Superior Court in New Haven County, and heard before *F. B. Hall, J.* Facts found and judgment rendered for the plaintiff to recover only the amount of assessments paid by the member in his lifetime. The plaintiff appealed. The case is fully stated in the opinion.

*W. K. Townsend* and *G. D. Watrous*, for the appellant.

*W. C. Case* and *W. H. Ely*, for the appellee.

ANDREWS, C. J. The plaintiff is the widow of Henry

M. Connelly, who died January 28th, 1885, and as the bene-
ficiary named by said Connelly in his application for mem-
bership in the defendant association is entitled to recover of
the defendant the sum of two thousand dollars, if Connelly,
at the time of his death, was a member of the defendant
association.

Connelly became a member of the defendant association
in 1880. At that time he was a member in good standing
of the Baltic Lodge, No. 284, Free and Accepted Masons of
the City of Brooklyn, New York. Membership in good
standing in some masonic lodge was a condition to admission
into, and to the continuance of membership in, the defend-
ant association. One of the by-laws of the defendant pro-
vides that " any member of this association who shall
forfeit the benefit of his lodge by non-payment of dues shall
forfeit all rights to benefits in this association; and any
member suspended or expelled from his lodge, or who shall
stand non-affiliated for one year, shall forfeit his membership
in this association."

By a vote of Baltic Lodge, at a meeting held on the 11th
day of October, 1882, Connelly was regularly suspended
or unaffiliated for non-payment of dues. The defendant's
pleadings show no other reason why he was not a member in
its association at the time of his death than his non-affiliation
in Baltic Lodge as shown by its vote. By another vote of
Baltic Lodge, passed on the first day of December, 1888, the
name of Henry M. Connelly was restored to the rolls of the
lodge as of the day of his alleged suspension. The conten-
tion of the plaintiff is, that the effect of the last vote is to
render the former one void and as though it had never been
passed. If the contention is right then she is entitled to
recover the two thousand dollars; otherwise not.

By the laws of masonry, Baltic Lodge, while it had the
government of its own members and the power to discipline
them, is itself subject to the Grand Lodge of the district in
which it exists, and to the constitution and statute laws of
such Grand Lodge. Section forty-six, article twenty-four,
of the constitution of the Grand Lodge of the district

within the limits of which Baltic Lodge is located, provides as follows :—" A lodge shall have power to enact a by-law which shall provide a penalty for the non-payment of lodge dues, which penalty shall be unaffiliation ; but such penalty shall not be inflicted except for the non-payment of at least one year's dues nor until the brother shall have been duly summoned thirty days previous to pay said one year's dues." Another statute of the Grand Lodge provides that "in order to unaffiliate a member for non-payment of dues a lodge must act under a by-law passed in accordance with the section of the constitution and statutes of the Grand Lodge for that purpose made and provided." Another section prescribes the form and requisites of a summons to be used by a lodge in such cases, and how it must be addressed. Section thirty-five of the constitution of the Grand Lodge provides that " each district deputy grand master shall have power, and it shall be his duty, (among other things) to determine and order in what cases a member (of an individual lodge) alleged to have been illegally stricken from the rolls, rendered unaffiliated, or suspended for non-payment of dues only, shall be restored to the rolls or reinstated ; and if he discover in his district any masonic error or evil to endeavor to immediately arrest the same by masonic means, and, if he judge it expedient, to specially report the same to the Grand Lodge."

Eustace H. Wheeler, district deputy grand master of said district, having in the fall of 1888 investigated the circumstances under which Connelly was suspended as aforesaid, on or about November first of that year declared his unaffiliation or suspension void upon the ground that the summons used by the Baltic Lodge did not conform to the requirements of the Grand Lodge, and ordered his name to be restored to the rolls of the Baltic Lodge as of the date of his alleged suspension ; and the decision of the deputy grand master was affirmed by the grand master of the state of New York. In accordance with said decision and order Baltic Lodge on the first day of December following voted " that the name of said Henry M. Connelly be restored to

the rolls of said lodge as of the date of his alleged suspension."

The facts so set forth in the finding indicate that the masonic organization has a due and orderly system of laws and rules, enacted by itself and enforced by its own agencies, in accordance with which membership in any lodge is acquired, continued, suspended or lost; and that all questions of membership, or non-membership or of good standing in any lodge, or of affiliation or non-affiliation, are by these laws and rules within the jurisdiction of their own officers, and that when any such question has been passed upon by their own tribunals, subordinate and appellate, the decision is conclusive and binding upon all masons; and that according to these laws and rules, an apparent non-affiliation of any member having been declared to be void by the proper appellate authorities and having been revoked by the lodge of which he was a member, and his name restored to its rolls as of the date of his alleged suspension, he would be all the time a member in good standing of the lodge.

The defendant association contracted with Connelly on the basis that he was a mason and that he should remain a mason. It would have been easy for the defendant and Connelly to have agreed upon some method by which the question of his being or remaining a mason should be decided so as to be binding upon them both. In the absence of any agreement in what way his membership in some masonic lodge was to be proved, or how his continuing to be a mason in good standing was to be shown, we should naturally infer that these questions were to be decided by the masonic tribunals. There is no other authority by which these questions could be decided. And it appears that this is just what the defendant did. When Connelly applied to become a member of the defendant association, they asked for and received a certificate signed by an officer of Baltic Lodge that he was a mason. They accepted that as conclusive and admitted him to membership in the association. When Connelly died they asked for a certificate to be signed by the secretary of Baltic Lodge that he continued to be a

mason. The forms, of which copies are set forth in the record, indicate that they are such as are used by the defendant in all cases. They did in the case of Connelly precisely what they do in the case of every one of their members. They referred the question of being or not being a mason to the masonic officers themselves. Such a usage shows that it is really a part of the contract made by the defendant with each of its members that masonic questions shall be decided by masonic tribunals. This is a usage by which we think the defendant must be concluded. In the light of this usage and of all the evidence we think the contract between the defendant and Connelly must be construed as though it provided in terms that the question of his being or continuing to be a mason in good standing should be decided by the masonic officers.

The decisions of any kind of a voluntary society or association, in admitting members, and in disciplining, suspending or expelling them, are of a *quasi* judicial character. In such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society; whether or not the proceeding was in good faith; and whether or not there was anything in the proceeding in violation of the laws of the land. If it is found that the proceeding was had fairly, in good faith and pursuant to its own laws, and that there was nothing in it in violation of any law of the land, then the sentence is conclusive like that of a judicial tribunal. *Whitney* v. *Brooklyn Eccl. So.*, 5 Conn., 405; *Gibbs* v. *Gilead Eccl. So.*, 38 id., 153; *Otto* v. *Journeymen Tailors' Union*, 75 Cal., 308; *Com. ex rel. Bryan* v. *Pike Beneficial So.*, 8 Watts & Serg., 250; *Anacosta Tribe* v. *Murback*, 13 Md., 91; *People ex rel. Rice* v. *Board of Trade*, 80 Ill., 134; *Robinson* v. *Yates City Lodge*, 86 id., 598; *White* v. *Brownell*, 3 Abb. Pr. R., N. S., 318.

Connelly's name was stricken from the rolls and he was rendered unaffiliated by a vote of Baltic Lodge for the "nonpayment of dues only." In such a case it was within the jurisdiction of the deputy grand master Wheeler, and it was his duty to determine whether such striking from the rolls

was illegal or not; and if he found it to be illegal according to masonic rules, it was his duty to order the name to be restored to the rolls. The deputy grand master having investigated the circumstances of Connelly's case did find the vote by which he was rendered unaffiliated to be void, and he ordered his name to be restored to the rolls, and it was restored as of the date of his apparent suspension. This judgment of the deputy grand master was affirmed by the grand master of the state. By the reversal of this vote of unaffiliation and by the action of Baltic Lodge, Connelly was reinstated as of the date of that vote, and he stood as a member of that lodge at the time of his death as if no such vote had ever been passed.

It is objected to the decision of the deputy grand master that it was not made till after Connelly died. His death produced no change in the rights of the plaintiff to have the unaffiliation set aside if it was illegal. Possibly she had no right to ask for such reversal until his death. It would seem reasonable therefore that her right to procure such reversal ought not to abate by his death. *Marck* v. *Supreme Lodge of Knights of Honor*, 29 Fed. Rep., 896; *Lazensky* v. *Same*, 31 Fed. Rep., 592. A copy of the summons used by the Baltic Lodge in Connelly's case is shown in the finding. It is claimed that the decision of deputy grand master Wheeler, that the summons did not conform to the requirements of the Grand Lodge, is not supported thereby. That objection is not open to us. It being found that the deputy grand master had jurisdiction to act in the matter, his decision, upon a question of fact involved in the case, is not open to review by a court of law. *Chase* v. *Cheney*, 58 Ill., 509; *Walker* v. *Wainwright*, 16 Barb., 486.

There is error in the judgment appealed from, the plaintiff on the facts found being entitled to recover the two thousand dollars.

In this opinion the other judges concurred.