PAOLO GERVASI vs. SOCIETA GIUSIPPI GARIBALDI DE
MUTUO SUCCORSO.

First Judicial District, Hartford, October Term, 1920.

WHEELER, C. J., BEACH, CASE, CURTIS and BURPEE, Js.

In order that a fraternal benefit society may justify the expulsion
of a member, it must appear that the expulsion was in accordance
with the by-laws of the order, and, further, that it occurred only
after a hearing of which the member had notice and at which he
had a chance to appear and defend.

The hearing of a subject of such serious import ought to be conducted
with fairness, upon reasonable notice to the accused member of
the charge upon which he is to be tried, and upon full opportunity
to him to present his defense; and there should be also, upon
reasonable proof of the charge as made, a vote passed sustaining
the charge and expelling the member from the society.

The form in which the charges are presented to the accused member
is not important if those essentials and that procedure are re-
quired which are fair and make for justice.

Lack of notice of a meeting to the member may be waived, and is
waived by the member's attendance at the meeting without pro-
test as to the procedure.

The society may by action at a lawful meeting ratify a wrongful ex-
pulsion made at an unlawful special meeting so as to make itself
liable in damages therefor, but it cannot by its approval make
valid the invalid action of the special meeting in making the ex-
pulsion.

A fraternal benefit society voted to expel the plaintiff, a member in
good standing, at a regular meeting and without any previous
notice, after a discussion in which he participated and in which
he was charged with having attempted to organize another society.
The by-laws of the society provided for the expulsion of any
member if found guilty first by the council of administration,
which was to meet with locked doors, and afterward by the general
assembly of the society. After the vote of expulsion the council
met, without giving the plaintiff notice or allowing him an oppor-
tunity to appear and defend against the charges, and voted for
his expulsion. Thereafter at a special meeting of the society,
called without notice of its purpose, but at which the plaintiff
was present, it was voted that he deserved to be expelled. In a
suit for damages against the society, it was *held* that the plaintiff
was entitled to a hearing, after due notice, before the council

upon the charges against him; that these charges, while they might be informally made, must allege with definiteness an attempt at the society's destruction, a charge not made by an allegation of the mere organization of another society without showing how that would prejudice the defendant society; that the society had never found or voted the plaintiff guilty of any charge, and that therefore he was never legally expelled.

A by-law provided that upon any wrongful interpretation of any article of the by-laws, the members were forbidden to go to the courts, but the matters should be taken before a committee of five members whose functions were those of final judges and whose decisions must be accepted by all. *Held* that the by-law could not reasonably be construed as valid as merely postponing recourse to the courts until the remedy it afforded was exhausted, and that, moreover, it was not applicable to the plaintiff's case, since he had no knowledge that the failure to accord him a hearing came from a wrongful interpretation of the by-laws, until the defendant filed its answer in this suit.

It was within the power of the society to pass the by-law providing for the expulsion of any member who attempted to bring about the destruction of the society; but the by-law providing that the council must meet behind closed doors must be interpreted, if it is to be upheld, as limited to the period of deliberation upon the charges and not as excluding the hearing and opportunity to defend which the law accords an accused member before he may be expelled.

Argued October 6th, 1920—decided March 10th, 1921.

ACTION to recover damages for wrongfully expelling the plaintiff from membership in the defendant society, brought to and tried by the Superior Court in Middlesex County, *Hinman, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Gustaf B. Carlson,* for the appellant (plaintiff).

*Bertrand E. Spencer,* for the appellee (defendant).

WHEELER, C. J. The plaintiff seeks to recover damages from the defendant fraternal benefit society for its alleged illegal expulsion of him from his membership

in it. The following facts appear in the finding: The plaintiff had been a member of the defendant in good standing since June 1st, 1918, and had been active in its formation and in promoting its interests, giving to it his effort and his money and at various times serving as its president.

The by-laws are in the Italian language, and those which have relation to the question of plaintiff's expulsion are as follows:—

"Art. 5, Page 27. Upon any wrongful interpretation of any article of the present by-laws the members are forbidden to go to the courts, but the matter shall be taken to a committee of five members whose functions are those of final judges and whose decisions must be accepted by all.

"Art. 19. Any member who, by deeds or words, attempts to bring about the destruction of the society if found guilty first by the Council of Administration and afterwards by the General Assembly, shall be immediately expelled.

"Art. 69. The Council of Administration is the principal head of the society. To it is entrusted the business that the General Assembly cannot discuss.

"Art. 70. The meetings of the Council are held with locked doors. They are to meet on the last Sunday of the month and all other times when the President thinks it necessary for the benefit and welfare of the society. The Council is convoked by the President.

"Art. 71. It is the duty of the Council to watch the deportment of the Society, receive and treat the complaints of the members.

"Art. 81. The President, in the event of urgency, shall have power to call a special meeting of the society, but in such special meeting no business shall be transacted unless notice of the same shall have been given to the members in the notice of the meeting."

At a regular meeting of the defendant held on March 18th, 1919, fifty-five of the seventy-three members qualified to vote were present. At this meeting one of the members presented a letter, asking for the expulsion of the plaintiff from the society. The letter was read, and its subject caused a heated discussion by the members, which was participated in by the plaintiff. In this discussion the plaintiff was charged with having attempted to organize another society. If other charges were made, the finding does not disclose their nature. The plaintiff denied this charge. The discussion became so heated the president declared the meeting closed and the plaintiff retired from the room. Shortly after the meeting was called to order again, and one of the members proposed that the plaintiff be expelled for violation of article nineteen of the by-laws. A ballot was taken upon this motion, and thirty-five voted for and thirteen against his expulsion. The plaintiff returned to the room before the ballot was taken and was present at its passage.

No evidence was taken, but all members, including the plaintiff, had full opportunity to be heard. The plaintiff made no objection to the form of the charges as presented, or to the manner in which the proceedings were conducted. The meeting then left the matter of the proposed expulsion to be brought before the Council of Administration and afterward before the General Assembly.

The council consisted of twelve members, including the president, who had no vote. The president called a meeting on March 23d, 1919, to consider the proposed expulsion of the plaintiff, but gave no notice to the members of the purpose of the meeting. Eleven of the members were present. No notice of this meeting was given the plaintiff because the council interpreted article seventy of the by-laws as meaning that

only members of the council should be allowed at its meetings. After extended discussion by the members, based upon the charges made at the meeting of March 18th, the proposition to expel the plaintiff under article nineteen, because guilty of "trying to disorganize the society," was unanimously adopted, and this decision was left to be brought before the general assembly.

A special meeting of the society was held on March 26th. Notice thereof was mailed to each member, but no notice of the purpose of the meeting was given. Fifty-seven of the seventy-three members were present. The council orally reported to this meeting that the council had found the plaintiff "guilty of trying to destroy" the defendant, and had unanimously voted that he be expelled according to power given in article nineteen. Full opportunity was given the members to express themselves upon whether the plaintiff "deserved to be expelled." The plaintiff was present and denied the charges, but made no objection to the form or sufficiency of the charge, or the manner in which the proceedings were conducted, and did not request other or further hearing.

The ballot was taken on the question, "If the accused deserved to be expelled," and resulted in forty voting for and fifteen against the plaintiff's expulsion, and he was declared expelled. The plaintiff was tendered a return of the dues he had paid in advance and thereafter has been excluded from the privileges of membership. The plaintiff has not, since this meeting, made protest to the society concerning his expulsion, nor attempted to secure redress within the society.

The expulsion of the plaintiff is justified under article nineteen of the by-laws. To sustain this it must be found that the plaintiff has attempted, by deed or word, to bring about the destruction of the

defendant society. Unquestionably a by-law, providing for expulsion for such cause, is within the power of a fraternal society such as the defendant. The appeal raises three principal points: (1) Whether the defendant has acted within the power and according to the procedure of its by-laws. (2) Whether the plaintiff has waived any irregularities which may exist in the procedure taken. (3) Whether the defendant, subsequently to the March 26th meeting, ratified the action of expulsion taken at that meeting.

The vote of expulsion passed at the meeting of March 18th is not relied upon by the defendant as a justification for the expulsion. Nor could it be. The procedure had was not in accordance with the by-laws of the society, and an expulsion based upon the vote taken at this meeting would plainly be against the law of the land.

The significance of what occurred at this meeting, the defendant claims, arises out of the fact that the charge there discussed and voted upon was the same charge which subsequently was before the council and the general assembly, and since the plaintiff took part in this discussion and was present when the vote was passed, he had notice of the charge made before the matter of his expulsion was before council or general assembly. And the charge was that he had attempted to organize another society.

The president called a meeting of the council to consider the proposed expulsion of the plaintiff. Article nineteen provided for the expulsion of a member if found guilty first by the council and afterward by the general assembly. The provision for two trials is in language which admits of no other construction. There is nothing in the other by-laws or the context which suggests the possibility of another construction.

Counsel for the defendant urge that the purpose of this by-law was to confer upon the council an investigatory or recommendatory power. That purpose cannot be read in the language used. It does not signify that other fraternal bodies have a procedure of this character. These by-laws provide for trial before the council. That called for notice to the plaintiff, and this was not given him. *Lahiff* v. *St. Joseph's Total Abstinence Soc.*, 76 Conn. 648, 57 Atl. 692; 19 R. C. L. p. 1251; 52 L. R. A. (N. S.) 811 note; *Wachtel* v. *Noah Widows and Orphans Benevolent Soc.*, 84 N. Y. 28. Nor has he waived the lack of notice by his presence. Article seventy of the by-laws provided that "the meetings of the Council are held with locked doors." The council interpreted this to mean that only members of the council could be present at its meetings, and this interpretation had been made when the plaintiff was the president.

Since the council must first find the plaintiff guilty, pursuant to the procedure of article nineteen, and this involves a trial upon notice and adequate charge and the opportunity for the accused member to appear and defend himself, no other interpretation of article seventy is permissible except that the reference to closed doors refers to the period of deliberation upon the charges. While the hearing on the charges is in progress, necessarily the accused must have the opportunity of being present and of presenting his defense. And as a rule the charge against the member cannot be substantiated without the testimony of witnesses.

No formal charge was made to the council against the plaintiff. The council voted that he was guilty of "trying to disorganize the society."

If the finding be construed as stating the charge which was made at the meeting of March 18th, that

the plaintiff had sought to disorganize the society by "attempting to organize another society," this is as far as the charge before the council or the meeting of March 18th can be fairly held to go.

The organization of another society might or it might not affect prejudicially the defendant. · If the new society were competitive with the old, it might have that tendency. Left in ignorance of the purposes and membership of the new society, we cannot know that its attempted organization by the plaintiff was an attempt on his part to disorganize the defendant society. The charge should be so definite as to cause, and of such a character as to warrant, expulsion.

"The member must be given notice of the proceeding for suspension or expulsion, the charges against him, and the time and place of hearing." 7 Corpus Juris, 1101; *Sabourin* v. *Lippe,* 195 Mass. 470, 81 N. E. 282; 49 L. R. A. 363, 364 note.

Had the plaintiff had notice, the vote of expulsion by the council would have been a nullity, for there was no charge justifying expulsion. Shortly after the decision of the council, the president called a special meeting and gave notice that important business was to be transacted. Over a fifth of the total membership was not present at the meeting. The important business taken up at the meeting was whether the plaintiff deserved to be expelled. Action taken upon this or any other subject at this meeting, so far as it affected the plaintiff, was invalid by the clear inhibition of the by-laws and by the law of the land, unless he had waived the invalidity. By-law, article eighty-one, provides that at such special meeting "no business shall be transacted unless notice of the same shall have been given to the members in the notice of the meeting." This by-law merely declares an accepted principle of our law.

The fact that the charge was made verbally, or that it was made in general terms, would not, in this case, make the action taken illegal for that reason, since the plaintiff was present and participated in the discussion and made no protest as to the procedure or the form of the charge.

The charge upon which the general charge rested was that plaintiff had attempted to organize another society. If this action justified expulsion under these by-laws, we should not be disposed to hold that the failure to present the charge in writing or with greater particularity was a fatal omission. In actions by or against fraternal organizations, their course is not to be determined by close adherence to the forms of legal procedure or to exact observance of those rules of practice which govern in the case of public bodies. It is enough if those essentials and that procedure are required which are fair and make for justice rather than for form. *Connelly* v. *Masonic Mutual Benefit Asso.*, 58 Conn. 552, 557, 20 Atl. 671; *People ex rel. Burton* v. *St. George's Soc.*, 28 Mich. 264; 52 L. R. A. (N. S.) 813 note.

The plaintiff's presence at the meeting, without protest as to the procedure taken, was a waiver of his right to notice of the subject discussed and acted upon at the meeting. *Moore* v. *National Council, K. & L. of S.*, 65 Kan. 452, 70 Pac. 352; 7 Corpus Juris, 1105. It was also a waiver of his right to question the validity of the meeting because of the failure to give the members notice of the subject-matter which the meeting was to consider. *Handley* v. *Stutz*, 139 U. S. 417, 422, 11 Sup. Ct. 530; 10 Cyc. 326.

The charge as made to the general assembly was the same charge made to the council as well as to the meeting of March 18th.

We have pointed out that a charge that the plain-

tiff was trying to disorganize the defendant by attempting to organize another society is not a charge for which the plaintiff could be expelled. If the new society were to be competitive with the defendant, or its organization so conflicting with defendant as to tend to defendant's destruction, or plaintiff's course were otherwise reaching this end, the charge should indicate this with reasonable definiteness. As the finding leaves it, the plaintiff's course may have been without prejudice to the defendant in result and purpose.

The formal question which was placed before the assembly and upon which the members of defendant voted, was "whether the plaintiff deserved to be expelled." This was not a charge under article nineteen, nor a charge in any other sense. It cannot be interpreted as the equivalent of a vote that the plaintiff was guilty of trying to destroy the defendant by organizing another society or by any other means. It follows that the assembly has never found or voted the plaintiff guilty of any charge.

Expulsion from membership in a fraternal society affects the property rights of the member and it may affect his reputation seriously. The hearing of a subject of such serious import ought to be conducted with fairness, upon reasonable notice to the accused member of the charge upon which he is to be tried, upon full opportunity to him to present his defense, and, after reasonable proof of the charge as made, a vote passed sustaining the charge and duly expelling the member from the society. *Correia* v. *Supreme Lodge of the Portuguese Fraternity*, 218 Mass. 305, 308, 105 N. E. 977.

If, in fact, the meeting of the general assembly were an invalid one because of the failure to notify the members of its purpose, the defendant argues that the plaintiff cannot complain because, subsequent

to this action, at a regular meeting, it ratified the action taken expelling the plaintiff. The case of *Lahiff* v. *St. Joseph's Total Abstinence Soc.*, 76 Conn. 648, 57 Atl. 692, is relied upon to support this position. In that case we held that if the special meeting at which Lahiff was expelled was not a lawful meeting, the defendant society, by subsequently ratifying the action of the special meeting, made itself responsible for the illegal expulsion. In this case the action of the meeting of March 26th was illegal and did not affect the plaintiff's membership, and the subsequent approval by the defendant fastened upon it liability for the wrongful expulsion, but did not validate the illegal meeting. A later meeting of the society could ratify the wrongful expulsion, but it could not by its approval make valid the invalid action of the special meeting.

Preliminarily the defendant contends that article five of the by-laws provides an internal remedy which the plaintiff must avail himself of before resorting to the courts. It is an accepted principle that the member of a fraternal society must exhaust the remedies given him by the by-laws of the society before he can seek relief in court, unless the facts show that he could not secure a fair determination by invoking them, or unless the by-law giving the remedy is invalid. *Correia* v. *Supreme Lodge of the Portuguese Fraternity*, 218 Mass. 305, 308, 105 N. E. 977.

The defendant concedes that this by-law, in so far as it forbids recourse to the courts, is questionable. But it urges a construction which would postpone action in court until the remedy of the by-law is exhausted. *McGuinness* v. *Court Elm City*, 78 Conn. 43, 46, 60 Atl. 1023.

We do not think this construction can be reasonably made. Further, if it could be made, the by-law would not be applicable to the plaintiff's case. The plaintiff

had no knowledge that the action of the council resulted from a wrongful interpretation of the by-law, until after the filing of the answer.

We do not deem it necessary to consider other claimed irregularities upon which the plaintiff relies.

There is error and a new trial is ordered.

In this opinion the other judges concurred.