## No. 10,919.

MOST WORSHIPFUL KING SOLOMON GRAND LODGE OF ANCIENT, FREE AND ACCEPTED YORK MASONS OF KANSAS *v.* MOST WORSHIPFUL PRINCE HALL GRAND LODGE FREE AND ACCEPTED MASONS OF COLORADO.

Decided January 5, 1925.     Rehearing denied February 2, 1925.

Action for injunction.  Judgment for plaintiff.

### *Affirmed.*

1. ASSOCIATIONS—*Masonic Lodges—Organization—Evidence.* In a proceeding to determine the jurisdiction of rival Masonic Grand Lodges, where the claims of both rest upon the legality of defendant's organization, the charter of defendant held properly excluded as evidence, although had it been admitted both parties would have been out of court.

2.     *Grand Masonic Lodges—Jurisdiction.* Where a grand lodge organized three subordinate lodges, which in turn regularly established another grand lodge according to the fundamental law of the order, the first grand lodge is prohibited from invading the jurisdiction of the latter.

3. APPEAL AND ERROR—*Correct Judgment, Reasons Immaterial.* If the decision of a trial court is right, the reasons given for it are immaterial.

*Error to the District Court of the City and County of Denver, Hon. L. C. Stephenson, Judge.*

Mr. GEORGE P. STEELE, for plaintiff in error.

Mr. GEORGE G. ROSS, Mr. CHARLES ROSENBAUM, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error was the plaintiff in the court below, and plaintiff in error was defendant there. The parties will be so designated here.

The plaintiff claims that it has been continuously in existence and operating in Colorado as a volunteer Masonic organization for 47 years prior to its incorporation, or since the year 1876, and went under and used the name of Most Worshipful Grand Lodge Free and Accepted Masons of Colorado and Jurisdiction; that it was incorporated in Colorado July 14, 1923; that it was organized by and as the result of the formation, in accordance with Masonic laws, customs and usages, of a Grand Lodge, by three Masonic Lodges.

The defendant also claims that it is a Masonic fraternal society, and that it has operated as a Masonic body or Grand Lodge for a period of nearly fifty years in Colorado.

The defendant is a corporation, organized under the laws of Kansas, March 6, 1876, and filed its articles of incorporation with the Secretary of State of Colorado on May 7, 1921. Both claim to be Masonic organizations whose membership consists solely of colored people, or persons of the negro race.

Plaintiff prayed for injunctive relief, asking that defendant be enjoined and restrained from doing business in Colorado as a Masonic Grand Lodge. The trial court found for the plaintiff, and rendered judgment in its favor. granting the injunction prayed. The defendant brings the case here for review.

In the consideration of this case, we shall accept the statement of defendant's counsel that the twelve assignments of error all go to the proposition, claimed by defendants, that the trial judge, in determining the case, applied his personal knowledge of supposed facts, but with respect to which he could not take judicial notice, and concerning which, evidence was not fully presented.

On the trial it was admitted that the fundamental Masonic law governing both parties was "Masonic Jurisprudence," by Albert G. Mackey. That volume is marked as an exhibit in the case, and is hereinafter referred to as "Mackey." There were specifically introduced in evidence certain paragraphs of that authority. From these it ap-

pears that Masonic Grand Lodges are formed only by a union of three or more subordinate lodges, of whatsoever lawful allegiance, operating in a state or territory not already occupied by a Grand Lodge; and that when such a Grand Lodge has been so regularly formed it acquires exclusive Masonic jurisdiction over said state or territory, and no subordinate lodge can thereafter be established, or exist therein, save by its authority, and all other Grand Lodges are excluded therefrom. The defendant had established three lodges in Colorado. These three, following Mackey, organized plaintiff, which has since been operating and claiming exclusive jurisdiction in Colorado, as against all other so-called Masonic bodies composed of men of color. Defendant, since its incorporation here in 1921, has invaded that jurisdiction by the organization of alleged subordinate lodges, and is continuing that invasion.

Exhibit 4, offered and excluded, is a charter for defendant issued by a so-called National Grand Lodge. It was wholly immaterial. For the purposes of this case, the legality of defendant must be, and is, presumed, as the claims of both parties rest solely thereon. Had this exhibit been admitted by agreement, both would have been out of court. It shows on its face that defendant was not organized, according to Mackey, and hence was never a Masonic Grand Lodge. It could not, therefore, charter subordinate lodges, and the three that it had assumed to charter in Colorado, which in 1876 organized plaintiff, were illegal, and that organization invalid. Furthermore, it also appears from said Exhibit 4 that defendant is not an independent body, but owes allegiance to, and is governed by, said so-called National Grand Lodge. Hence, according to said Exhibit 4, and the allegations of plaintiff's complaint, neither party is a Grand Lodge.

However, assuming defendant's legality, it cannot deny the legality of said three lodges chartered by it in Colorado, nor their right to establish a Grand Lodge according to Mackey which is its own fundamental law. Plaintiff having been thus organized, defendant is absolutely prohibited

by the same law from invading this jurisdiction. In other words, defendant acknowledges the binding force and effect of the fundamental Masonic law as laid down by Mackey and bases its defense upon a violation of that law. Its only defense is its own wrong.

Defendant's contention that the trial judge applied his personal knowledge of Masonic law cannot be sustained. That portion of Mackey introduced and admitted furnishes all the evidence necessary, and fully justifies the findings and judgment. We think all the pertinent remarks of the trial judge were within that evidence, but need not so determine. If the decision was right, the reasons given are immaterial.

The judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE CAMPBELL concurring.