[Civil No. 3587. Filed January 20, 1936.]

[53 Pac. (2d) 425.]

MOST WORSHIPFUL GRAND LODGE OF FREE AND ACCEPTED MASONS OF ARIZONA (Colored), a Corporation, Appellant, v. WEST TEMPLE LODGE NUMBER 425, J. D. DOROUGH, B. L. RICHARDSON, LOVELESS WILLIAMS, B. M. WILLIAMS, P. L. WATSON, JOHN DOE, WILLIAM ROE et al., Individually and as Officers and Members of West Temple Lodge Number 425, Appellees.

Mr. J. S. Wheeler and Mr. Robert L. Fortune, for Appellant.

Mr. John L. Van Buskirk, for Appellees.

LOCKWOOD, C. J.—Most Worshipful Grand Lodge of Free and Accepted Masons of Arizona (colored), a fraternal organization, hereinafter called plaintiff, brought suit against West Temple Lodge No. 425 and J. D. Dorough, B. L. Richardson, Loveless Williams, B. M. Williams, P. L. Watson, John Doe, William Roe et al., individually and as officers and members of said West Temple Lodge, hereinafter called defendants, praying that the latter be enjoined from setting up, maintaining, operating, or conducting a Masonic lodge within the jurisdiction of plaintiff, under any warrant or charter from any Masonic Grand Lodge outside of the jurisdiction of plaintiff, and that defendant West Temple Lodge and its officers be required to surrender to plaintiff all their rituals, emblems, jewels, and lodge paraphernalia. The case was tried to the court sitting with a jury, and, since it was an equity case, two interrogatories were submitted to the jury. The answers thereto were adopted by the court, and upon the answers judgment was rendered in favor of defendants, whereupon this appeal was taken.

There are nine assignments of error, but we think the case can be determined upon two points, which we shall discuss as seems advisable. The allegations of plaintiff's complaint, leaving out the formal matters, and restating them in logical sequence, are, in substance, as follows: In the year 1920 there existed

within the territorial boundaries of the state of Arizona eight colored Masonic lodges, holding their charters from the Grand Lodges of Colorado, Missouri, and Texas. On the 3d day of May of that year, representatives of these eight lodges met in convention in the city of Phoenix for the purpose of organizing a Grand Lodge of colored Masons in the state of Arizona. West Temple Lodge No. 425, which had been chartered by the Grand Lodge of the state of Texas, sent two duly accredited representatives to said convention, who actively participated in the organization of the Grand Lodge of Arizona, the plaintiff herein. It is then alleged that, as a matter of Masonic law, the organization of plaintiff immediately vested it with full and complete authority and jurisdiction over all colored subordinate Masonic lodges within the territorial boundaries of the state of Arizona, and that by such law no subordinate lodge could exist or be subsequently established in Arizona except under the authority of plaintiff, and that all other Masonic Grand Lodges were precluded from exercising any Masonic authority in Arizona. The complaint then continues that West Temple Lodge and its officers, in violation of Masonic law, refused to surrender their charter for cancellation or to submit to the authority of plaintiff, and still retain its charter issued by the Grand Lodge of Texas, with the books, records, and paraphernalia necessary to conduct a Masonic lodge, and were still conducting the same under their warrant and charter issued by the Grand Lodge of Texas, as aforesaid. The prayer was that the defendants be enjoined from setting up or maintaining or conducting a Masonic lodge under any charter from any Grand Lodge except the plaintiff, and that they surrender all their jewels and paraphernalia to plaintiff.

Various dilatory pleas were interposed, and the individual defendants also answered, admitting the organization of plaintiff as the Grand Lodge of the state of Arizona, and that defendant West Temple Lodge was organized in 1915 under a charter granted by the Texas Grand Lodge, and that it was conducting meetings as a Masonic lodge in the city of Tucson. They then admitted that the various lodges referred to in plaintiff's complaint met in 1920 for the purpose of forming a Grand Lodge, but denied that any one was delegated by West Temple Lodge to attend said convention. They then denied all the allegations of the complaint in regard to Masonic law requiring the surrender of their charter, and alleged that they had refused to surrender such charter for cancellation, and were continuing their affiliation with the Texas Grand Lodge. They further set up the defense of laches to plaintiff's cause of action, but we think we need not consider this. On motion of defendants, West Temple Lodge, in its organic capacity, was dismissed as a defendant, and the case finally went to trial as against the individual defendants.

On the trial, plaintiff introduced evidence showing its organization at the convention of 1920, and tending to show that West Temple Lodge was represented therein by two participating delegates. It also introduced portions of a book referred to in the judgment as "Mackey's Jurisprudence of Freemasonry" which read as follows:

"The Grand Lodge thus formed by the union of not less than three lodges in convention at once assumes all the prerogatives of a Grand Lodge and exercises exclusive Masonic jurisdiction over the territory within whose geographical limits it has been constituted. No lodge can continue to exist or be subsequently established in the territory except under its authority, and all other Grand Lodges are pre-

cluded from exercising any Masonic authority within the said territory. These are principles of Masonic law which seem to be admitted by universal consent, and sanctioned by constant usage of such organization.''

Defendants introduced witnesses whose evidence tended to show that the so-called delegates to the Phoenix convention in 1920 had not been authorized to attend such convention by West Temple Lodge, but merely by some individual officers thereof, and that they had expressly been limited to listening to the proceedings and instructed not to agree to the formation of a Grand Lodge. They also introduced evidence to the effect that the Grand Lodge of the state of Texas did not recognize Mackey's Jurisprudence as binding on it, and a letter from the grand secretary of that Grand Lodge in which he quoted from its constitution the causes for which the charter of a subordinate lodge might be canceled, and stated explicitly that, since West Temple Lodge did not come within any of these grounds for cancellation, the Texas Grand Lodge could not, under its constitution, cancel the charter of the West Temple Lodge, and that, while it advised the latter to affiliate with the Grand Lodge of Arizona, it could not compel it to do so.

On this evidence, the two following interrogatories were submitted to the jury:

"Interrogatory No. I: Were S. E. Newll and C. A. Hardy the duly accredited representatives of West Temple Lodge No. 425 (colored), of Tucson, Arizona, at the Convention of local Masonic lodges (colored) held at Phoenix in May, 1920.

"Interrogatory No. II: At the time of the formation of the Arizona Grand Lodge (colored) in May, 1920, were West Temple Lodge No. 425 (colored) and its officers subject to the rules of Mackey's Jurisprudence of Freemasonry as set forth at pages 421 to 424 inclusive?''

Both of them were answered by the jury in the negative, and, these answers being adopted by the court, judgment was rendered in favor of defendants.

■■ It will be seen by this statement that, assuming, as we must from the answer of the jury, that West Temple Lodge never participated in nor agreed to the formation of plaintiff, and refused to surrender its charter from the Grand Lodge of Texas, the sole question for our consideration is whether or not the rule laid down in Mackey's Jurisprudence, as above quoted, is as a matter of law binding upon the Grand Lodge of the state of Texas and therefore upon West Temple Lodge and its members. We think the rule laid down by the Supreme Court of Connecticut in *Connelly* v. *Masonic Mut. Ben. Assn.*, 58 Conn. 552, 20 Atl. 671, 673, 18 Am. St. Rep. 296, 9 L. R. A. 428, states the general principles which courts should follow when they are called upon to interfere in the internal workings of any kind of fraternal order:

"The decisions of any kind of a voluntary society or association, in admitting members, and in disciplining, suspending, or expelling them, are of a *quasi* judicial character. In such cases the courts never interfere, except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society; whether or not the proceeding was in good faith; and whether or not there was anything in the proceeding in violation of the laws of the land. If it is found that the proceeding was had fairly, in good faith, and pursuant to its own laws, and that there was nothing in it in violation of any law of the land, then the sentence is conclusive like that of a judicial tribunal."

It appears without dispute that West Temple Lodge was and is acting under a charter granted by the Grand Lodge of the state of Texas in 1915, long before the organization of plaintiff. It appears also that

the grand secretary of the Grand Lodge of the state of Texas has stated that the Grand Lodge of Texas has no power to cancel the charter of West Temple Lodge, for the reasons relied on by plaintiff. Such being the case, it appears to us that, since the Grand Lodge of Texas is, so far as the record shows, proceeding in good faith in accordance with its own rules and laws, and that such rules are not in violation of the law of the land, then its decision that it could not cancel the charter of West Temple Lodge is binding upon the courts. And, if it cannot cancel the charter which it has issued, then certainly plaintiff has no power to compel the cancellation of such charter when the organization holding it has never yielded allegiance to plaintiff, and has continually and consistently repudiated any obligation to do so.

Counsel for plaintiff apparently place their principal reliance on the case of *Most Worshipful King Solomon Grand Lodge, etc.,* v. *Most Worshipful Prince Hall Grand Lodge, etc.,* 76 Colo. 469, 232 Pac. 664, in which case it was held that the defendant should be enjoined from acting as a Masonic Grand Lodge in the state of Colorado. In that case, however, both plaintiff and defendant admitted that they were bound by the law laid down in Mackey's Jurisprudence. In the present case, defendants most strenuously deny that to be the fact. We think the cited case, while undoubtedly good law on its own facts, has no application to the facts of the case at issue.

The judgment of the superior court of Pima county is affirmed.

McALISTER and ROSS, JJ., concur.