INEZ B. JEANE

*vs.*

GRAND LODGE, ANCIENT ORDER UNITED WORKMEN.

Lincoln.   Opinion May 29, 1894.

*Insurance.   Beneficiary.   Membership.   Expulsion.   Appeal.*

Members of private societies and associations must exhaust the remedies given them by the rules of the society before appealing to courts of law for relief.

ON REPORT.

This was an action of assumpsit to recover the sum of $2000, by the plaintiff who is the widow of Harry J. Jeane, and the beneficiary named in his application for membership and insurance in Lakeside Lodge No. 43, located at Jefferson, Knox county, a subordinate lodge of the defendant association. The application is dated December 25, 1890, on which day, he was initiated a member of the lodge, and the applicant died October 27, 1891.

The defendant is a corporation under the laws of the Commonwealth of Massachusetts, and is organized, "for the purpose of uniting in social and fraternal association all acceptable men of sound bodily health and good moral character, to promote benevolence, charity, and morality, to aid members disabled by accident or sickness, or the wives, children or other relatives of, or any other person dependent upon such members; and to assist the widows, orphans or other relatives of deceased members, or any persons dependent upon deceased members, and have complied with the provisions of the statutes of this Commonwealth." The defendant corporation is the supreme authority of the order known as Ancient Order of United Workmen.

Lakeside Lodge No. 43, located at Jefferson, Knox county, which admitted Jeane to the order, and of which he was a member, is a subordinate lodge, existing by authority of the defendant corporation, and Jeane was, March 26, 1891, at a stated meeting expelled therefrom, for "having made a false statement or answer in his application for membership; and written notice of the fact, under seal of the lodge, was mailed to him a few days after, and the money paid by him refunded.

The plaintiff contended that the expulsion was irregular and void, and therefore without any effect upon her rights.

No appeal from the action of Lakeside Lodge so expelling him, was ever taken by Jeane, as provided by the laws of the defendant corporation.

Applicants for membership agree to comply with all the laws, regulations and requirements of the order, then or thereafter enacted. The constitutions and laws are made a part of the contract. Under provisions of Law XI, page 76 :

"Every member who does not take an appeal, in any case affecting his rights or interests in the Order, within the time allowed, shall be deemed to have thereby agreed to abide by such decision or enforcement of the laws or rules of the Order."

Under the provisions of section 21, law XIX:

"When a member shall be suspended or expelled, for any cause whatever, he forfeits all rights, benefits and privileges, and his beneficiary thereby loses all right to any portion of the beneficiary fund.

*C. E. and A. S. Littlefield*, for plaintiff.

*L. M. Staples* and *John Haskell Butler*, of Boston Bar, for defendant.

SITTING: PETERS, C. J., WALTON, LIBBEY, EMERY, FOSTER, HASKELL, JJ.

HASKELL, J.   The plaintiff must recover, if at all, upon the ground that her husband died while a member of defendant corporation in good standing.   Before his death, he had been expelled from membership.   It is said that the proceedings leading to his expulsion were irregular, and did not conform to the rules of the order.   Suppose they were; the laws of the order give an appeal to a supreme tribunal constituted for the very purpose of correcting such errors, and they provide that each member failing to take such appeal "shall be deemed to have thereby agreed to abide by such decision or enforcement of the laws or rules of the order."

The deceased failed to take any appeal from his expulsion, and thereby must be held to have acquiesced in the decision. If courts of law should undertake to review the regularity of procedure in all secret or private societies or associations, the burden would become onerous.   Moreover, it is just and reasonable to hold, that when a member of such society has a remedy, under the rules of his order, from any supposed erroneous action injurious to himself, that he should first exhaust that remedy before appealing to the courts for relief.  *Karcher* v. *Knights of Honor*, 137 Mass. 368; *Chamberlain* v. *Lincoln*, 129 Mass.

70; *Grosvenor* v. *United Soc. Believers*, 118 Mass. 78. This court approved the doctrine of the above cases in *Lowell* v. *The Iron Hall*, an unreported case decided in July, 1892.

*Judgment for defendant.*