JOSEPH CANTONI ET AL. *vs.* JAMES A. BETTS.

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

A court whose jurisdiction is limited to cases in which the matter in
demand does not exceed $500, cannot adjudicate the validity and
priority of a mortgage given to secure a note for $1,900, although
the determination of that issue is auxiliary to the foreclosure of a
judgment lien for an amount less than $500. The causes of action
are separate and distinct.

[Argued January 19th—decided March 2d, 1898.]

WRIT of error to reverse a judgment of the City Court of
Danbury, brought to the Superior Court in Fairfield County
and tried to the court, *Shumway, J.;* facts found and judg-
ment rendered for the plaintiffs, reversing the judgment of
the City Court, in part, and appeal by the defendant for
alleged errors in the rulings of the court. *No error.*

James A. Betts, the defendant in error, had a judgment
lien on land in Danbury belonging to Joseph Cantoni, one
of the plaintiffs in error, for $180.70. The land became sub-
ject to this lien January 16th, 1896. January 6th, 1896,
and before the judgment lien accrued, Joseph Cantoni mort-
gaged the land to one Antonia Badaracco to secure a prom-
issory note for $1,920, and on the same day Badaracco
assigned the note and mortgage to Louise Cantoni (wife of
Joseph), the other plaintiff in error.

On June 22, 1896, Betts brought an action to the City
Court of Danbury against Joseph Cantoni, Antonia Badar-
acco and Louise Cantoni, setting forth his ownership of the
judgment lien and the existence of the prior incumbrance in
the hands of Louise Cantoni, (but without specifying the
amount of the mortgage note); alleging that the mortgage
note was given without consideration, and for the purpose
of defrauding the plaintiff and other creditors of Joseph
Cantoni, and claiming: (1) a judgment that said mortgage

be postponed to, and be decreed to be junior and inferior to, the judgment lien; (2) a foreclosure of said judgment lien; (3) possession of the premises. The defendants pleaded to the jurisdiction, alleging that the mortgage sought to be set aside was given to secure the payment of $1,920, and was executed and recorded before the judgment lien accrued. To this plea the plaintiff demurred, because jurisdiction of the court was determined by the amount of the judgment lien, and the amount of the mortgage was immaterial. The City Court sustained this demurrer. The defendants, after a vain attempt to have the complaint amended so as to state the amount of the mortgage, answered, alleging that the mortgage was given to secure a *bona fide* debt for $1,920, evidenced by a promissory note for that amount; that the whole amount of said note is still due and unpaid, and denying the charges of fraud. The reply of the plaintiff admitted the amount for which the mortgage was given, but denied its good faith.

The judgment file recites the complaint, the appearance of the parties, the plea to the jurisdiction and demurrer, the sustaining of the demurrer, the defendant's attempt to secure an amendment of the complaint, the filing of an answer and the reply, and the default of the defendants on June 12th, 1897; and then finds the allegations of the complaint true and renders judgment as prayed for.

The plaintiffs in error brought a writ of error from this judgment of the City Court to the Superior Court. The defendant in error pleaded "nothing erroneous," and the Superior Court found error, except as to that part of the judgment of the City Court which adjudged a foreclosure of the judgment lien, and adjudged that the remainder of the City Court judgment be reversed and set aside. From this judgment of the Superior Court the defendant in error appealed, claiming the judgment to be erroneous on the face of the record.

*John F. Cuff* and *Aaron T. Bates*, for the appellant (defendant).

*Howard W. Taylor*, for the appellees (plaintiffs).

HAMERSLEY, J.   The party seeking foreclosure may cite
in an incumbrancer prior in date for the purpose of contest-
ing his priority and of asking a cancellation of the deed, or
that it may be declared fraudulent and postponed as to him.
The right, however, to have a prior mortgage set aside on
the ground of fraud, constitutes a distinct cause of action,
which a plaintiff may or may not join with his foreclosure
suit.   *De Wolf* v. *Sprague Mfg. Co.*, 49 Conn. 282, 307.

The judgment of the City Court was therefore divisible
into : (1) a judgment of foreclosure against Joseph Cantoni,
the owner of the equity ; and (2) a judgment against Louise
Cantoni, adjudging her prior mortgage to be fraudulent and
void and postponed as to Betts, the owner of the judgment
lien.   The mortgage held by Louise Cantoni was given to
secure a note for $1,920, and the matter in demand, in an
action to set this mortgage aside, is a lien upon the land to
the amount of $1,920.   The fact that the validity of the
mortgage is contested does not affect the amount as a test
of jurisdiction.   *Schunk* v. *Moline, M. & S. Co.*, 147 U. S.
500, 505.   The jurisdiction of the City Court is limited to
cases "where the matter in demand does not exceed five hun-
dred dollars."   Private Acts of 1889, § 83, p. 1019.   Its
judgment therefore against Louise Cantoni was void.   The
infirmity appears on the record.   The plea to the jurisdiction
alleged the amount of the prior mortgage sought to be set
aside, and this was admitted by the demurrer.   The answer
alleged the amount of the mortgage, and this allegation was
admitted in the reply.   The judgment file refers to the plea
to the jurisdiction and demurrer, and also to the answer and
reply; so that the judgment itself, by reference to other parts
of the record, shows that it was rendered in a matter out-
side the jurisdiction of the court.

It is claimed that when Mrs. Cantoni withdrew from the
case and suffered a default, she also withdrew her pleadings ;
but were this so, she could not withdraw from the court its
judicial knowledge.   The error of the City Court lay in not

dismissing the action as against Louise Cantoni, the moment it was advised of the amount of the mortgage. *Denison* v. *Denison,* 16 Conn. 34, 38; *Fowler* v. *Bishop,* 32 id. 199, 206; *Denton* v. *Danbury,* 48 id. 368, 372.

Section 809 of the General Statutes provides that "in actions for the redemption or foreclosure of title of property claimed to be subject to a mortgage or lien, the amount of the debt or liability secured by such mortgage or lien, as described in the mortgage or certificate of lien, shall be deemed to be the amount of the matter in demand." This Act does not, as claimed by the defendant in error, affect the question before us. The action against Louise Cantoni does not come within its provisions. The claim made, that because the action is in aid of a foreclosure of which the court has jurisdiction, therefore the amount of the matter in demand is immaterial, cannot be maintained. The equitable powers of the City Court are limited by the statute fixing its jurisdiction, and it cannot extend them as if it were a court of general jurisdiction. As a court of equity the City Court may take cognizance of subordinate controversies when appropriate to the full disposition of the main controversy before it; but as a court of limited jurisdiction it can take cognizance of no controversy, whether subordinate or not, where the matter in demand exceeds $500. In other words, the limitation of its jurisdiction controls its exercise of equity power. Any other construction would practically annul the statute and vest in the City Court of Danbury an unlimited equity jurisdiction.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.