Hillsborough,
  June, 1900.

## MULLEN v. COURT QUEEN CITY, ORDER OF FORESTERS.

One entitled to the funeral benefit payable upon the death of a member of a fraternal order may maintain an action therefor without first submitting his claim to the association or a committee thereof, in the absence of a by-law providing for such adjudication.

Where the by-laws of a fraternal order declare that a member cannot claim certain benefits while charges are pending against him, an action therefor cannot be maintained until such charges are disposed of by the tribunals provided by the association for that purpose.

ASSUMPSIT. Facts found by a referee. The plaintiff, by reason of his deceased son's membership in the defendant order, is entitled to recover certain "sick benefits" and a "funeral benefit,"

except as he is precluded by the terms of his son's contract of membership. The son in his application agreed to "conform to and abide by all the rules of the court and of the order now in force, or hereafter to be made." By the general laws of the order, the right of appeal "vested in every member of the order, and, in case of death or disability of a member, . . . in his personal representative." "Any aggrieved party, failing to take an appeal from any action or decision within the time specified in these laws, shall be bound by such action or decision, and shall have no further recourse, whether in law or equity, in respect to the subject-matter of such action or decision." "A member shall not resort to the civil courts for redress for an alleged injury until he has exhausted every means of appeal in the order." The general laws of the association also provided that "a member cannot claim weekly benefits . . . while charges are pending against him." Charges preferred against a member are heard by the arbitration committee of the defendants, and an appeal is given from their de cision to other tribunals of the order. Charges were preferred against the plaintiff's son, that he attempted to fraudulently obtain money from the order by feigning illness himself, and by claiming a benefit on account of the death of his wife when he knew he was not entitled to it. He was acquitted on the first charge and found guilty on the second by the defendants' committee of arbitration. From this decision he took an appeal, and the appellate tribunal, on account of some informality, remanded the case for retrial. Before further action was taken the son died.

The plaintiff presented his claim to the defendant order, August 27, 1897, and it being referred to the financial committee was rejected, September 10, 1897. This suit was brought September 6, 1897.

Subject to exception, the defendants' motion for a nonsuit was denied, and judgment was ordered for the plaintiff for the amount of the sick benefits and the funeral benefit.

*Timothy J. Howard* and *Edwin F. Jones*, for the plaintiff.

*Drury & Hurd* and *John O'Neill*, for the defendants.

WALLACE, J. The defendants claim the nonsuit should have been ordered because the suit was prematurely brought. They say the plaintiff was required not only to await the action of the finance committee of the lodge on this claim, but to exhaust the appeals from their action provided by the order before he was entitled to bring suit, and that, having failed to do so, he cannot maintain the action. The defendants rely upon the principle that recourse

cannot be had to the courts when the laws of the association un-equivocally provide a remedy which the parties have agreed to for the grievance complained of, and which has not been pursued and exhausted. *Levy* v. *Iron Hall*, 67 N. H. 593; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Oliver* v. *Hopkins*, 144 Mass. 175; *Jeane* v. *Grand Lodge*, 86 Me. 434; *Wood* v. *What Cheer Lodge*, 20 R. I. 795; *Ocean Castle* v. *Smith*, 58 N. J. Law 545. In these cases, the laws of the association, which the agreement of the parties made binding upon them, expressly provided an internal tribunal which was to pass upon the liability of the society, at least in the first instance, and it was held that no civil action could be maintained until the method of redress thus provided by the parties themselves had been invoked and exhausted. But in the case at bar, there was no law of the association which required that the plaintiff's claim should be submitted to the adjudication of the finance committee, or to the determination of the lodge itself, before a suit could be brought in the civil courts. On this ground there was therefore no error in refusing to grant the defendants' motion for a nonsuit.

There was, however, a provision of the laws of the association that a member could not claim weekly benefits while charges were pending against him. The charge that the son was fraudulently trying to collect a benefit upon his wife's death was pending at the time of his death. It had been once tried by a tribunal provided for that purpose by the laws of the association, and upon appeal had been remanded back for retrial. Until these charges were disposed of, there could be no resort to the civil courts to recover sick benefits by the plaintiff's son if he were living. He had agreed that his right to a sick benefit should depend upon the fact that no charges were pending against him, that such charges should be heard and tried by the tribunals of the association provided for that purpose, and that no resort should be had to the courts until this remedy was exhausted. The plaintiff's rights in this respect were the same as those of his son. It does not appear that the defendants were unfairly exercising this right to have this matter heard by the tribunal of the society. There was no similar provision in the laws of the association relating to funeral benefits, and the fact that charges were pending against the son does not affect the plaintiff's right to recover that benefit. The plaintiff can recover the funeral benefit, but not the sick benefit.

*Exception sustained.*

PEASLEE and YOUNG, JJ., did not sit: the others concurred.