PATRICK MCGUINNESS *vs.* COURT ELM CITY, No. 1, FORESTERS OF AMERICA.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A by-law of a fraternal benefit society, providing that a member shall not resort to the civil courts for redress for an alleged injury until he has exhausted every means of appeal in the order, is not void as an attempt to oust such courts of their jurisdiction.

Compliance with such by-law is essential in order to enable a member to restrain the enforcement of an order of the society suspending him, or to recover damages therefor, notwithstanding such order was based upon a hearing before an illegally constituted committee.

Whether a by-law absolutely prohibiting a resort to the courts for the redress of membership grievances would be void, *quære.*

Argued April 13th—decided June 9th, 1905.

ACTION to recover damages for the alleged illegal suspension of the plaintiff from the defendant order, also for an injunction, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton*, for the appellant (plaintiff).

*James P. Pigott*, for the appellee (defendant).

TORRANCE, C. J. The defendant, a fraternal benefit society, incorporated under the laws of this State, is what is known as a subordinate court of the order of Foresters of America. One of the laws of the society, set forth in the complaint, provides as follows : " A member shall not resort to the civil courts for redress for an alleged injury until he has exhausted every means of appeal in the order. The penalty of noncompliance with this law shall be expulsion from the order." Other laws of the society, which were laid in evidence, confer upon the members the absolute right of appeal from any action or decision of the defendant, or of its committees, officers, or agents, and provide amply and reasonably for the exercise of that right, and for successive appeals from one tribunal to another within the order. They also provide that any aggrieved party failing to take an appeal from any such action or decision shall be bound thereby, " and shall have no further recourse whether in law or in equity in respect to the subject-matter of such action or decision." The arbitration committee of the defendant which tried and convicted the plaintiff, as alleged in the complaint, had " power to fine, suspend for a period not exceeding one year, depose from office, or expel, a member from the order."

The complaint alleges in substance that the plaintiff, being a member of the defendant society in good standing, was by the defendant, for an alleged violation of the aforesaid law of the defendant forbidding a resort to the civil courts without having " exhausted every means of appeal in the order," sentenced to pay a fine of $25 and be suspended for one year; that the committee that convicted him of a violation of said law and sentenced him, as above alleged, was not the regular committee appointed for the trial of members, but was one illegally packed for the purpose of convicting the plaintiff ; that of the meeting of said committee, at which he

was thus convicted and sentenced, he had no notice, and no such notice as the laws of the defendant require, and was not present at said hearing, nor had he any opportunity to be present ; and that for these reasons his conviction and sentence were irregular, illegal and void. The complaint admitted that the plaintiff received written notice of said conviction and sentence.

The plaintiff offered no evidence to prove, and did not claim, that he had taken any appeal from said conviction and sentence. The plaintiff offered evidence to prove and claimed to have proved the substance of the allegations of his complaint.

The answer denied most of the material allegations of the complaint, but the main defense made under it was that the plaintiff had brought the present suit without having exhausted his right of appeal in the order, as required by the law aforesaid ; and the evidence for the defendant tended to prove, and the defendant claimed to have proved, that the plaintiff, after he received notice of his conviction and sentence as aforesaid, had full right, power and opportunity to appeal, but that he had taken no such appeal, and had thus failed to comply with said law before bringing this suit.

Upon the facts claimed to have been proved by the plaintiff, he asked the court, among other things, to charge in substance (1) that the law aforesaid forbidding members to resort to the civil courts was void, as being an attempt to oust said courts of their jurisdiction ; (2) that if the law were a valid one, the fact that the plaintiff had taken no appeal from his conviction and sentence would not affect his right to a verdict in his favor in this case. The court did not so charge, but. on the contrary charged, in substance, that if the jury found that the plaintiff had due notice of his conviction and sentence, and did not exhaust every means of appeal therefrom in the order, having power and opportunity to do so, their verdict should be for the defendant.

The court thus charged, in effect, that the law in question was a valid one, and that compliance with its provisions relating to appeal was essential to the plaintiff's right to recover

in this action. As the jury must have found from the evidence that the plaintiff had not complied with the law in question before bringing the present suit, it follows, if the charge was correct, that the verdict was right, even though all the allegations of the complaint were found true. In this aspect of the case the only questions we deem it necessary to consider are : (1) was the law in question a valid one; (2) was a compliance by the plaintiff with its provisions relating to appeal essential to his right to recover in this case.

The plaintiff claims that the law in question "is an attempt to oust the courts of their jurisdiction," and is for that reason void as being against public policy. Whether, if the law in question had absolutely prohibited a resort to the courts for the redress of membership grievances, it would be void, is a question upon which there is a conflict of judicial opinion ; see some of the cases on this subject in the note to *Green* v. *Board of Trade of Chicago*, 49 L. R. A. 365, 372 *et seq.* (174 Ill. 585) ; but that law does not absolutely prohibit the members from resorting to the courts; it only prohibits them from so doing until they have exhausted the ample remedies provided for the redress of such grievances by the laws and rules of the order. After they have done so without avail, they are at full liberty to go to the courts for redress. Laws thus conditionally prohibiting members from resorting to the courts until they have exhausted the remedies provided by the laws and rules of the order, have been frequently before the courts, and, so far as we know, they have been uniformly held to be valid. We hold the law here in question to be a valid law, and as such, binding upon the members of the society.

Was compliance with this law on the part of the plaintiff a condition precedent to his right to recover in the present action? We think it was. As a member of the society he was bound by this law. By it he was required to exhaust the means of redress within the order before resorting to the courts. In assenting to that law and the law relating to a failure to appeal, the plaintiff, in effect, agreed with the

defendant and his fellow members that for the redress of any membership injury he would first appeal to the tribunals of the order, and would not go to the courts for redress of such injury until he had exhausted every means of appeal in the order. He also agreed to be bound by every action or decision that he did not appeal from. We think that the injury of which he complains in this case (even if we assume that the sentence imposed was in a certain sense void) was one for the redress of which he was bound to resort to the tribunals of the order before coming into the courts. In cases like the present the general rule is that a failure to exhaust the remedies provided by the laws of the order, for the redress of injuries of the kind complained of in this case, is a bar to relief for such injuries in the courts. *Supreme Council O. of C. F.* v. *Forsinger*, 125 Ind. 52, 9 L. R. A. 501; *State* v. *Grand Lodge K. of P.*, 53 N. J. L. 536, 22 Atl. Rep. 63; *Levy* v. *Order of the Iron Hall*, 67 N. H. 593, 38 Atl. Rep. 18; *Mullen* v. *Order of Foresters*, 70 N. H. 327, 47 Atl. Rep. 257; *Wood* v. *What Cheer Lodge S. of St. G.*, 20 R. I. 795, 38 Atl. Rep. 895; *Jeane* v. *Grand Lodge A. O. U. W.*, 86 Me. 434, 30 Atl. Rep. 70; *Karcher* v. *Supreme Lodge K. of H.*, 137 Mass. 368; *Lafond* v. *Deems*, 81 N. Y. 507.

There are doubtless exceptions to this general rule, but the present case does not fall within any of them.

There is no error.

In this opinion the other judges concurred.