[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an appeal from a decision of the Zoning Commission of the City of Danbury (hereafter the "Commission") which denied an application for a zone change filed by Penelope Bray (hereafter the "Appellant"). The Appellant is the owner of a parcel of land 1.659 acres in size located at 213 Clapboard Ridge Road in Danbury which she purchased in September of 1978. The property is located in the RA-80 residential zone.
On December 7, 1990, she filed the current application to have the zoning classification of the subject property changed to CN-20 commercial. In the application, she has asserted that a CN-20 zone would be more appropriate because the subject property abuts an existing CN-20 zone.[1] Prior to this application, she had made four applications of a similar nature, all of which were denied by the Commission, these were: a Petition to Amend Zoning Regulations, dated August 29, 1990; Legal Notice of Decision, dated December 3, 1990; a Petition to Amend Zoning Map, dated October 25, 1989; Legal Notice of Decision, dated February 21, 1990; a Petition to Amend Zoning Map, dated April 12, 1988; Legal Notice of Decision, dated August 16, 1988; a Petition to Amend Zoning Map, dated July 7, 1982; and a Legal Notice of Decision, dated October 12, 1982.
A duly noticed public hearing was commenced on April 9, 1991, at which her application was considered by the Commission. At that hearing, the Appellant requested that her four prior applications and the records relevant thereto be incorporated by reference into the current application. The Commission agreed to honor that request.
Prior to the hearing on the application, the Commission requested a report from the Danbury Planning Commission regarding the desired zone change. That Commission subsequently studied the impact of the proposed zone change on the surrounding area and submitted a report of its findings. CT Page 9937 The report, which states that such a zone change may negatively impact the character of the neighborhood, traffic patterns, and nearby watersheds, was read into the record at the public hearing. That same Commission also submitted a letter stating that it had voted to give a negative recommendation to the application, which was also read into the record. Four local residents spoke out against the zone change at the hearing and the appellant presented no evidence or testimony that had not previously been considered by the Commission in her prior applications.
The Commission convened to vote on the application on May 14, 1991, and the nine members present voted unanimously to deny the application for the following reasons:
 "1. Any difficulty with the parcel will only be passed along to the adjacent homeowners if the zone is changed.
 2. Any further development of the parcel will infringe on the Watershed Protection Area and negatively impact the area.
 3. The proposed zone change would definitely increase the traffic hazard at an already dangerous intersection.
 4. One of the applicant's major arguments was that this piece of property is surrounded on three sides by commercial property, and although this may be true, there is a narrow strip of property with wetlands on it located northeast of the property that will prevent that parcel from being developed as commercial property.
 5. If this property is rezoned to CN-20, this lot could be subdivided into three lots and an increase of this magnitude has the potential to change the existing small neighborhood center into a much larger and busier commercial area which would be in conflict with the purpose and intent of the neighborhood commercial zone."
The Commission sent a letter notifying the Appellant of its decision on May 20, 1991. She instituted this appeal on CT Page 9938 June 14, 1991, alleging in paragraph eight of her complaint that the Commission acted illegally, arbitrarily, and in abuse of its discretion in that:
a) the Commission considered, depended upon, and based its decision upon evidence not introduced at the hearing;
b) at least two of the Commissioners openly admitted they did not understand the constitutionally mandated balancing of hardships as it relates to zoning;
c) the Commission ignored, or failed to consider, the master plan of the Town of Danbury;
d) the Commission ignored, or failed to consider, the impact on the property owner when considering the totality of circumstances since 1980;
e) the Commission ignored, or failed to consider, the changed condition of land uses in the surrounding area;
f) the Commission ignored, or failed to consider, caselaw, as handed down by the United States Supreme Court, and applicable statutes pertaining to the rights of property owners.[2]
She also alleges in a separate paragraph that the Commission's action constitutes a taking without just compensation.
"The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373, 588 A.2d 244 (1991). Aggrievement is a statutory prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). The owner of property that is the subject of an agency's decision is considered aggrieved and is entitled to maintain an appeal. Bossert Corporation v. Norwalk,157 Conn. 279, 285, 253 A.2d 39 (1968). The appellant testified as to her ownership and introduced a certified copy of her deed. The court finds that she is indeed the owner of the property in issue and is, accordingly, aggrieved.
Under Sec. 8-8(b) of the General Statutes, an aggrieved party may take an appeal within fifteen days from the date CT Page 9939 when notice of such decision was published. In the instant case, notice of the Commission's decision was published in the Danbury News-Times on May 23, 1991. The appeal was commenced by service of process upon the Danbury Town Clerk, the City Clerk for Danbury, and "Carol Thibodeau, person in charge at time of service and authorized to accept service for the Danbury Zoning Commission" on June 3, 1991. The appeal is, therefore, timely.
The court will at this point address the scope of judicial review and will also comment upon the appellant's arguments. "[A] local zoning authority, in enacting or amending its regulations, acts in a legislative rather than an administrative capacity." (Emphasis in original.) A.P. 
W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182,184; Parks v. Planning Zoning Commission, 178 Conn. 657,660. A zoning commission is endowed with a liberal discretion, and its action is subject to review by the court only to determine whether it was unreasonable, arbitrary or illegal. Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442; Schwartz v. Planning 
Zoning Commission, 208 Conn. 146, 152, 543, A.2d 1339 (1988). Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96. The appellant has the burden of proving that the Commission acted improperly. Horvath v. Zoning Board of Appeals, 163 Conn. 609; Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707.
It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. Nash Engineering Co. v. Norwalk, 137 Conn. 235,239; Lamb v. Burns, 202 Conn. 158, 172. A judgment upon an issue not pleaded would not only be erroneous, but it would be void. Telesco v. Telesco, 187 Conn. 715, 720; citing therein Gardner v. East Rock Lodge, 96 Conn. 198, 211-12; Tehrani v. Century Medical Center, 7 Conn. App. 301, 308. It is also axiomatic that an appellant will not consider issues which are brought to the court's attention for the first time by way of the appellant's brief. Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 314. It cannot be seriously disputed that this court sits in that same capacity in these CT Page 9940 cases.
The Appellant offers the following arguments in her brief:
1. The Commission's denial of her petition constitutes invalid reverse spot zoning.
2. The reasons given by the Commission for denying the petition are not reasonably supported by the record and/or are not pertinent to the decision.
3. The Commission unconstitutionally discriminated against her by refusing to consider her proposals to voluntarily restrict development and/or ameliorate perceived traffic problems.
4. The Commission erred in failing to adhere to the standards established by the United States Supreme Court in First Lutheran Church v. Los Angeles County, 482 U.S. 304,107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), and Nollan v. California Coastal Commission, 483 U.S. 825, 107 S.Ct. 3141,97 L.Ed.2d 677 (1987).
It should be recognized that the fourth argument was directly raised in paragraph 8(f) of her complaint. The second argument, while not directly raised, is implicated by those allegations which question the reasons underlying the Commission's decision. The other arguments were not raised in the complaint and, therefore, in accordance with the foregoing, are not to be considered by the court as they are improperly raised.
In speaking to the allegations of abuse of discretion which were raised in paragraph eight of the complaint, but were not set forth in the Appellant's brief, the court notes that it is well settled that issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16; Hayes v. Smith, 194 Conn. 52, 66 n. 12; Shaw v. Planning Commission, 5 Conn. App. 520, 525.
The first of the remaining arguments is that none of the reasons stated by the Commission in its May 14, 1991 denial of the Appellant's petition are sufficient to support the denial. The greatest concern of the Commission and the CT Page 9941 neighboring landowners at the public hearing was the potential for increased traffic in the area, were the application granted. A change in zone, in order to be warranted, must be in accord with a comprehensive plan and must be related to the normal police power purposes enumerated in Sec. 8-2 of the General Statutes. First Hartford Realty Corporation v. Plan Zoning Commission,165 Conn. 533, 541. Section 8-2 specifically states that zoning regulations shall be designed to lessen congestion in the streets. A zoning authority has broad discretion to deny a zone change based on traffic problems. Rinaldi v. Zoning 
Planning Commission 5 CSCR 602, 604 (6/29/90 Corradino, J.); see Stiles v. Town Council, 159 Conn. 212, 218, 219
[268 A.2d 395 (1970)].
At the public hearing, the report of the Planning Commission was read into the record. The report stated, inter alia, that:
 Due consideration also needs to be given to the traffic that would be generated by commercial development of the subject property. The site is currently accessed from Clapboard Ridge Road, listed as an arterial road in the Plan of Development. Adding 30,000 square feet of retail space could generate an additional 1,950 vehicle trips per day. This increase in traffic, on a road that already has a significant traffic flow, could have a negative impact on the residential areas that surround the commercial properties.
 Furthermore, the subject property is located in proximity to a dangerous off-set intersection, where Clapboard Ridge Road, Padanaram Road and King Street meet. The City Traffic Engineer has included this intersection in a list of intersections throughout the City that need some modification to increase their safety. Increasing the traffic flow through this particular intersection by adding to the available commercial space would only intensify the problems that currently exist.
In addition, four neighboring landowners spoke out against the application at that hearing, each citing increased traffic as CT Page 9942 their primary concern.
The Appellant in addressing these concerns did not present evidence to the contrary, but reiterated a proposal presented in her previous application. That proposal would create an accessway through the subject property to connect Padanaram Road and Clapboard Ridge Road which she asserts would facilitate the flow of traffic in the area. This same plan had been reviewed by the City Traffic Engineer pursuant to the earlier application and had been found to be generally unacceptable. To reiterate, the Appellant simply failed to present testimony much less evidence at the public hearing that would contradict or alter the weight of the evidence before the Commission regarding the potential for increased traffic. In the absence of any such contradictory evidence, this reason advanced by the Commission is certainly sustained by the record.
By this finding that one of the Commission's reasons is reasonably supported by the record, the court need not consider the sufficiency of the remaining reasons. See Primerica v. Planning Zoning Commission, supra, citing therein Goldberg v. Zoning Commission, 173 Conn. 23, 26.
The final argument is that the Commission disregarded the United States Supreme Court's decisions in First Lutheran Church v. Los Angeles County, supra, and Nollan v. California Coastal Commission, supra, "two decisions which established new constitutional standards for land use regulation.[3] The standards claimed by the Appellant to have been established by the high court in the aforementioned cases are those of justice and fairness. She then claims that "justice and fairness were so absent in the Commission's decision on May 14, 1991 as to constitute a practical confiscation.[4]
The Supreme Court has not applied the principles of justice and fairness in a piecemeal fashion, only acknowledging their relevance in the land use context in 1987. These principles are the foundations of Anglo-American jurisprudence that have shaped the formation of the law, and guided those who interpret it, since King John begrudgingly signed the Magna Carta at Runnymede in the year 1215. In order for there to be an unconstitutional taking of property, the appellant must show more than just an absence of justice and fairness in the process. CT Page 9943
Until it appears that the Appellant has been finally deprived by the Commission of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation. Vartelas v. Water Resources Commission, 146 Conn. 650, 658; Brecciaroli v. Commissioner of Environmental Protection,168 Conn. 345, 356. Merely because the total value of the property has decreased does not justify a conclusion that there has been an unconstitutional taking. A property may be subject to reasonable restraints without resulting in a taking. Manor Development Corporation v. Conservation Commission, 180 Conn. 692,695-96. Neither First Lutheran Church v. Los Angeles County, supra, nor Nollan v. California Coastal Commission, supra, held to the contrary.[5] The court finds that the record is devoid of evidence which would support the proposition that the appellant has been deprived of the reasonable and proper use of the subject property. The argument is without basis and must fail.
The Commission's reasons for the denial of the application for a change of zone are reasonably supported by the record, as its concern regarding the potential for increased traffic in the area was supported by uncontradicted testimony and evidence. The appellant's argument regarding the Commission's alleged failure to observe certain broad constitutional principles is inaccurate and unsupported by the relevant case law.
The appeal is, accordingly, dismissed.
Moraghan, J.