[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiffs, Leon Brown and Juan Sanders, request this court to strike the special defense filed by the defendants, Prince Hall Grand Lodge FAM, Inc. and Clarence Windley (individually and as Most Worshipful Grand Master), wherein the defendants allege that the plaintiffs failed to exhaust the internal remedies available to them pursuant to the constitution and general ordinances of Prince Hall Grand Lodge, FAM. For the reasons stated below, the motion is denied.
Plaintiffs Leon P. Brown and Juan A. Sanders allege the following facts in their complaint: The plaintiffs were members of the James H. Wilkins Lodge #9, FAM, whose activities are governed by the Grand Lodge. Clarence Windley held the highest leadership position in the Grand Lodge. The defendants suspended and expelled the plaintiffs from membership. In accordance with the Masonic constitution, the plaintiffs appealed their suspension and expulsion. Although they received a notice CT Page 4787 that a hearing was scheduled, the hearing was canceled and was not rescheduled.
As a result of their suspension and expulsion, the plaintiffs have been deprived of benefits ordinarily available to members in good standing.
In the first count (against the Grand Lodge and the Grand Master), the plaintiffs allege that they were harmed by illegal, wrongful and arbitrary actions of the defendants in suspending plaintiff Brown and expelling plaintiff Sanders from the Masonry and in not allowing the plaintiffs adequate appeals. In the second count (against Windley, individually), the plaintiffs allege that Windley deliberately and maliciously failed to allow the plaintiffs to pursue their appeal rights and that he refused to abide by the Masonic constitution. In the third count (against the Grand Lodge and the Grand Master), the plaintiffs allege that the defendants breached their contractual relationship with the plaintiffs by terminating and suspending them from the Masonry. In the fourth count (against Windley, individually), the plaintiffs allege that Windley deliberately interfered with the plaintiffs' contract rights by terminating and suspending them.
The defendants allege in a special defense, which was filed on November 30, 2001, that the plaintiffs did not fully exhaust the internal remedies available to them pursuant to the constitution and general ordinances of the Grand Lodge. In a revised special defense, which was filed on December 31, 2001, the defendants identify the provisions of the Masonic constitution on which they rely.
The plaintiffs have moved to strike the defendants' special defense on the grounds that: (1) no statutory or common law basis exists for applying this special defense to the circumstances of this case; (2) the defendants have failed to identify a by-law or constitutional provision that requires the plaintiffs to exhaust internal remedies; (3) the special defense is misleading; and (4) the defense of exhaustion cannot be used by Windley, as an individual.
"The purpose of a motion to strike is to contest . ., the legal sufficiency of the allegations of any complaints . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses CT Page 4788 and construe them in the manner most favorable to sustaining their legal sufficiency." (Citation omitted; internal quotation marks omitted.)Barasso v. Rear Still Road, LLC, 64 Conn. App. 9, 13, 779 A.2d 198
(2001).
The plaintiffs first argue that no statutory or common law basis exists for applying the exhaustion doctrine to non-administrative bodies. In opposition, the defendants assert that the reluctance of the courts to interfere in the affairs of voluntary organizations indicates that the exhaustion doctrine should apply to such organizations. This court finds that there is common law authority for applying the "requirement of exhaustion" to claims brought against such organizations.
"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. . . . Application of the doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." (Internal quotation marks omitted.)Johnson v. Statewide Grievance Committee, 248 Conn. 87, 95, 726 A.2d 1154
(1999). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine. . . . furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. . . . Most important, a favorable outcome will render review by the court unnecessary. . . ." (Internal quotation marks omitted.) Id.
Case law suggests that courts will not interfere in the affairs of voluntary organizations until the remedies provided by the organization have been "exhausted." As the Connecticut Supreme Court has explained, "[i]t is a well-established rule that before resorting to the civil courts for redress a member [of a fraternal society] must exhaust all the remedies provided by the society by appeal or otherwise. . . . Courts will not in any wise interfere with, or inquire into the affairs of such a society until they are obligated to act, and until the aggrieved member has exhausted all the remedies provided in its laws." (Internal quotation marks omitted.) Gardner v. East Rock Lodge, 96 Conn. 198, 205-06,113 A. 308 (1921). See also Vycas v. St. George Guard Society,97 Conn. 509, 514, 117 A. 692 (1922) ("It is, of course, not denied that if the proceedings before the court of the society were in accordance with the constitution and the by-laws of the society and those bylaws were not in themselves illegal, the plaintiff was bound to exhaust his remedies within the society before resorting to the courts."). Although CT Page 4789 the doctrine generally arises in the context of governmental agencies, it can also serve its purposes in the context of voluntary organizations.
As to the plaintiffs' second ground, that the defendants have failed to identify a provision that requires them to exhaust the organization's internal remedies, this contention requires the court to examine documents outside the pleadings and thus should not be addressed in deciding a motion to strike. "In deciding a motion to strike . . . a trial court must take the facts to be those alleged in the [subject pleading] . . . and cannot be aided by the assumption of any facts not therein alleged. . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the [subject pleading], the [movant] must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). Evidence may show that an organizational scheme provides a remedy. See Johnson v. Statewide Grievance Committee, supra,248 Conn. 87, 96-7. In discussing exhaustion of remedies available to members of a voluntary organization, the Supreme Court has stated: "It is not necessary that the [society's] laws shall provide in express terms that the member must appeal from the decision expelling him to a higher tribunal in the society before seeking restoration by a court of justice; the mere right to appeal from such decision . ., creates a duty on the part of the expelled member to exhaust his right of appeal to the society." Gardner v. East Rock Lodge, supra, 96 Conn. 205.
The plaintiffs third contention, that the special defense is misleading because, in their answer, the defendants admit that the plaintiffs sought to use internal remedies and were prevented from doing so by the defendants. The plaintiffs misconstrue the defendants' admissions. The defendants admit that the plaintiffs, in accordance with the constitution of the Organization, appealed the actions taken by the defendants, that the plaintiffs received a notice to appear at a hearing, and that the hearing was canceled. The defendants do not, however, admit that they prevented the plaintiffs from exhausting their internal remedies.
Finally, the plaintiffs argue that Windley, as an individual defendant, cannot use the defense of exhaustion of remedies. The special defense is contained in a single paragraph in a single count. The court has already determined that the special defense is appropriate as to the Grand Lodge. "[S]triking only a portion of a defense is improper."Chaffin v. Health Works, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 413790 (September 17, 1999, Moran, J.). See also Wachel v. Rosol, 159 Conn. 496, 499, 471 A.2d 84 (1970) ("If a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not CT Page 4790 reach all of the causes of action pleaded.").
The motion to strike the defendants' special defense is denied.
THIM, J.